IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KALEA ARMSTRONG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> A+ CARE SOLUTIONS, INC. and ) <br> ANTONIO WHITE, ) <br> ) <br> Defendants. ) | Case No. 2:18-cv-02040-TLP-dkv <br><br> JURY DEMAND |

**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL**

The parties here jointly move for approval of their confidential settlement and for the Court to keep the Settlement Agreement under seal because the settlement resolves claims unrelated to the Fair Labor Standards Act ("FLSA") claims. (ECF No. 34.) The parties attached a copy of their Settlement Agreement as an exhibit to the Motion. (ECF No. 34 at PageID 231–38.) The Court has reviewed the Motion and Settlement Agreement to determine whether the parties have reached a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11–CV–400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). For the reasons that follow, the Court GRANTS the parties' joint motion for settlement approval.

## ANALYSIS

Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Green v. Hepaco, LLC*, No. 2:13-CV-02496-JPM, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D . Fla. 2010)). "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Fox v. Express Courier Int'l, Inc.*, No. 09-2401-STA, 2010 WL 11493934, at *1 (W.D. Tenn. Oct. 5, 2010) (internal quotation marks and citations omitted). Based upon the parties' filings and their representations to the Court during the hearing on October 31, 2018, the Court finds that the Settlement Agreement satisfies the factors discussed in *Green* and warrants approval.

The Court must also address the proposed confidentiality provisions and the request to keep the agreement under seal. Confidentiality provisions within settlement agreements have been found to "contravene[] 'Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.'" *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239-JPM-tmp, 2014 WL 2959481, at *5 (W.D. Tenn. June 13, 2014) (quoting *Dees*, 706 F. Supp. 2d at 1245). And courts should not keep FLSA settlement agreements under seal "except in the very limited circumstances where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that

attaches to such judicial documents." Green, 2014 WL 2624900, at *4 (quoting *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012)).

The Court finds that the Settlement Agreement's Confidentiality Provision here does not interfere with the purpose and effect of the FLSA because the agreement also resolves tort claims with sensitive allegations unrelated to the FLSA claim. Those tort claims also comprise over ninety percent of the settlement proceeds. Furthermore, the parties articulated a substantial interest in keeping the documents under seal. The Court is satisfied that the parties filed an un-redacted copy of the Settlement Agreement with the Court. *Cf. Scott v. Titlemax of Tennessee, Inc.,* No. 2:13-CV-2710-SHL-DKV, 2015 WL 12516225, at *1 (W.D. Tenn. May 8, 2015).

## CONCLUSION

For these reasons, the Court GRANTS the Joint Motion for Settlement Approval. In accordance with the "substantial showing" supporting the parties' need to keep the agreement under seal, *Green*, 2014 WL 2624900, at *4, the Court also ORDERS that the parties' Settlement Agreement (ECF No. 34) remain SEALED.

**SO ORDERED**, this 14th day of November, 2018.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE